IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| YOLANDA MARIE CARRINGTON a/k/a YM CARRINGTON, | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | |
| v. | ) | No. |
| | ) | |
| THE ISRAEL EMERGENCY ALLIANCE d/b/a "StandWithUs," a 501(c)(3) not-for-profit corporation; | ) | |
| | ) | |
| | ) | |
| *Defendants*. | ) | |

**COMPLAINT AT LAW**

Plaintiff Yolanda Marie Carrington a/k/a "YM Carrington," by and through their undersigned counsel, hereby respectfully complains and alleges against Defendants, THE ISRAEL EMERGENCY ALLIANCE d/b/a "StandWithUs," a 501(c)(3) not-for-profit corporation, as follows:

**Jurisdiction**

1. This court has diversity jurisdiction pursuant to 28 U.S.C. 1332. Plaintiff is a citizen of North Carolina, and Defendant is a citizen of both Illinois and California.

**General Allegations Common to All Facts**

2. Plaintiff YM Carrington ("Plaintiff" or "Carrington") is a natural person and citizen of the State of North Carolina.

3. Plaintiff is, and identifies as, Black and/or African-American.

4. Plaintiff is an observant Jew.

5. Plaintiff is non-binary and uses they/them pronouns.

6. Plaintiff is a community organizer who works full-time in the Jewish and Black communities.

7. Among Plaintiff's projects is building Jewish solidarity for the Palestinian people and Palestinian statehood.

8. "The Israel Emergency Alliance" is a 501(c)(3) not-for-profit organization doing business under the name "StandWithUs."

9. StandWithUs is a leading political organization which works to build support among the American public for the Israeli government.

10. On or about June 15, 2021, StandWithUs posted a series of images of Plaintiff across various social media platforms.

11. Those platforms included, without limitation, Facebook, Twitter, and Instagram.

12. Above the image of Plaintiff, StandWithUs wrote the banner "HORRIFIC ANTISEMITISM" in all capital letters.

13. StandWithUs also included a small picture of a tweet by the Plaintiff which was purportedly "horrific[ally]" antisemitic.

14. That tweet was Plaintiff mourning the death of Anne Frank at the hands of the Nazis.

15. Specifically, Plaintiff had tweeted several months earlier, in April 2020, that "the Nazis took [everything] away" from Anne Frank, and that Anne Frank was "a criminalized refugee [who was] incarcerated and killed [by the Nazis]."

16. In fact, Anne Frank was a teenager who was killed in a concentration camp by the Nazis.

17. Plaintiff's statement regarding Anne Frank, that she was incarcerated and killed by the Nazis, was therefore factually correct and in no way antisemitic.

18. StandWithUs waited several months before using that tweet by Plaintiff, in hopes people would forget the context.

19. StandWithUs intended for people to believe that Plaintiff was horrifically antisemitic without actually looking at the content and context of Plaintiff's statement.

20. Mourning the death of Anne Frank, as millions of Jews do every year, is not antisemitic.

21. StandWithUs knew that mourning Anne Frank was not antisemitic.

22. However, StandWithUs knew that Plaintiff was a community activist working for Palestinian solidarity and wanted to damage their reputation.

23. As such, StandWithUs acted with actual malice in the hopes of damaging Plaintiff's ability to work as a community organizer by calling Plaintiff antisemitic.

24. At the time StandWithUs made the statements in question, they had over 130,000 followers on Twitter.

25. At the time StandWithUs made the statements in question, they had over 330,000 followers on Instagram.

26. Several persons associated with StandWithUs, such as Shai Deluca, retweeted or amplified those statements by StandWithUs.

27. Deluca also accused Plaintiff of "extortion" over their Anne Frank tweets.

28. StandWithUs also used those posts for fundraising purposes, posting links asking for donations to fight antisemitism in proximity thereto.

29. After several followers and supporters of StandWithUs noted on Twitter that Plaintiff's statements were not actually antisemitic, StandWithUs eventually deleted those statements.

30. However, almost a day passed whilst those statements were posted.

31. As a direct and proximate result of Defendant's actions, Plaintiff was terminated from several organizing roles and/or positions.

32. As a direct and proximate result of Defendant's actions, Plaintiff lost 92% of their income.

33. As a direct and proximate result of Defendant's actions, Plaintiff – who is Jewish and observant – received multiple death threats both publicly and privately, and was harassed by hundreds of persons whom StandWithUs made believe they were an anti-Semite.

34. As a direct and proximate result of Defendant's actions, Plaintiff has suffered humiliation, emotional distress, and mental anguish.

## COUNT I – COMMON LAW DEFAMATION

35. Plaintiff restates and realleges paragraphs 1-34 of this Complaint as if fully set forth herein.

36. Defendant had actual knowledge that saying Anne Frank was murdered by the Nazis was not in any way antisemitic, because it is true.

37. Defendant had actual knowledge that Plaintiff was mourning Anne Frank as millions of Jews do each year.

38. Defendant planned these statements as a way of discrediting Plaintiff's work to build solidarity for Palestinians within the Jewish community.

39. Defendants knew their statements that Plaintiff was a "horrific antisemit[e]" were false at the time they were made.

WHEREFORE, Plaintiff respectfully requests this Honorable Court enter judgment in their favor and against Defendant in an amount to be proven at trial but not less than $100,000, plus costs, punitive damages, and whatever additional relief this Court deems appropriate and just.

## COUNT II – TORTIOUS INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE

40. Plaintiff restates and realleges paragraphs 1-39 of this Complaint as if fully set forth herein.

41. At the time Defendant made its statements, Defendant had actual knowledge that Plaintiff obtained economic benefits from their work as a community organizer.

42. Defendant made those statements with the goal of damaging or deleteriously affecting Plaintiff's professional relationships.

43. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered damages.

WHEREFORE, Plaintiff respectfully requests this Honorable Court enter judgment in their favor and against Defendant in an amount to be proven at trial but not less than $100,000, plus costs, punitive damages, and whatever additional relief this Court deems appropriate and just.

## COUNT III – VIOLATIONS OF PLAINTIFF'S RIGHT OF PUBLICITY

44. Plaintiff restates and realleges paragraphs 1-43 of this Complaint as if fully set forth herein.

45. Defendant used a picture of Plaintiff and their tweets in an effort to fundraise to "fight antisemitism," including the use of a donation link in proximity to calling Plaintiff a "horrific antisemit[e]."

46. Plaintiff did not consent to their likeness and identifying information being used to fundraise for Defendant.

47. Plaintiff is entitled to damages and attorney fees under 765 ILCS 1075 *et seq*.

WHEREFORE, Plaintiff respectfully requests this Honorable Court enter judgment in their favor and against Defendant in an amount to be proven at trial but not less than $100,000, plus costs, attorney fees, and whatever additional relief this Court deems appropriate and just.

                                        Respectfully Submitted,
                                        YM CARRINGTON

                                        By their *pro bono* attorneys
                                        Sheryl Ring, Esq.

Sheryl Ring, Esq. #6311043/62447
518 South Route 31, Suite 113
McHenry, Illinois 60050
(847) 975-2643
sheryl@sherylringlaw.com

## VERIFICATION

Plaintiff YM Carrington states and affirms under penalty of perjury pursuant to the laws of the United States that the facts set forth herein are true and correct to the best of their knowledge and belief.

Dated: 07 / 13 / 2021

Doc ID: 5a20063fb4f54945d8e74752bcd002db3360a2dd


Audit Trail

| | |
|---|---|
| **TITLE** | Sheryl Ring Esq. has sent you a document to review and sign... |
| **FILE NAME** | YMC suit vs SWU.pdf |
| **DOCUMENT ID** | 5a20063fb4f54945d8e74752bcd002db3360a2dd |
| **AUDIT TRAIL DATE FORMAT** | MM / DD / YYYY |
| **STATUS** | ● Completed |

**This document was requested on app.practicepanther.com and signed on app.practicepanther.com**

Document History

**SENT**     **07 / 13 / 2021**     Sent for signature to Y M Carrington (ymcarr@gmail.com) from
18:10:10 UTC     ymcarr@gmail.com
IP: 73.111.123.252

**VIEWED**     **07 / 13 / 2021**     Viewed by Y M Carrington (ymcarr@gmail.com)
18:11:31 UTC     IP: 174.249.50.138

**SIGNED**     **07 / 13 / 2021**     Signed by Y M Carrington (ymcarr@gmail.com)
18:12:48 UTC     IP: 174.249.50.138

**COMPLETED**     **07 / 13 / 2021**     The document has been completed.
18:12:48 UTC