IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| YOLANDA MARIE CARRINGTON a/k/a YM CARRINGTON, | ) |
| | ) |
| *Plaintiff*, | ) |
| | ) |
| v. | ) No. 21 cv 3713 |
| | ) |
| THE ISRAEL EMERGENCY ALLIANCE d/b/a "StandWithUs," a 501©(3) not-for-profit corporation; | ) |
| | ) |
| *Defendants*. | ) |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

Plaintiff YM Carrington, by and through their[1] undersigned counsel, hereby respectfully responds in opposition to Defendant's Motion to Dismiss, as follows:

**I.    Defendant's Arguments Concerning Venue Are Meritless**

Defendant admits that it maintains an office in the Northern District of Illinois, but argues that this office is unrelated to the subject matter of this case and provides a self-serving affidavit as its only evidence thereof. "Under the standard for deciding motions to dismiss pursuant to Rule 12(b)(2) and Rule 12(b)(3), the court resolves any conflicts in the pleadings and affidavits in favor of the plaintiffs, but accepts as true any facts in the defendants' affidavits that remain unrefuted by the plaintiffs." *Interlease Aviation Investors II (ALOHA) L.L.C. v. Vanguard Airlines, Inc.*, 262 F. Supp. 2d 898, 904 n.3 (N.D. Ill. 2003).

Defendant also does not contest that it is subject to personal jurisdiction in Illinois. Under 28 U.S.C. § 1391, Defendant is deemed to reside "in any district in [Illinois] within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate

---

[1] Plaintiff is non-binary and uses "they/them" pronouns.

State, and, if there is no such district, the corporation shall be deemed to reside in the district within which it has the most significant contacts." 28 U.S.C. § 1391(d). *See also Marinov v. United Auto Worker*, No. 4:18 CV 59, at *4 (N.D. Ind. July 2, 2019).

In other words, Defendant is arguing that despite having offices in California, Illinois, and Israel, venue for this suit is only proper in California. That's not correct. "For venue to be proper under §1391(a)(2), a majority of the events giving rise to the claim need not occur in the venue, only a "substantial part." The requirements of § 1391(a)(2) `may be satisfied by a communication transmitted to or from the district in which the cause of action was filed, given a sufficient relationship between the communication and the cause of action.'" *Interlease Aviation Investors II (ALOHA) L.L.C. v. Vanguard Airlines, Inc.*, 262 F. Supp. 2d 898, 913 (N.D. Ill. 2003) (internal quotation marks and citations omitted).

Although Defendant's self-serving affidavit attempts to paint its Illinois office as a small satellite, its own website disagrees, calling the office "one of the most active regions in the country."[2] The website also notes that an "executive director" named Peggy Shapiro and "managing director" named Assaf Grunberg both work in the Northfield office, and those titles clearly imply officerships with the Defendant.[3]

Further, venue in defamation cases lies in the state or states where reputational harm is suffered, not where the defamatory statement is made. *John Doe v. Lee*, 18 C 1193, at *11 (N.D. Ill. Jan. 17, 2019). Plaintiff suffered significant reputational harm in Illinois, home of Jewish Voice for Peace, where they lost work as a result of Defendant's defamatory content. Notably, "[t]he tort

---

[2] This court can take judicial notice of the website at https://www.standwithus.com/midwest.
[3] "[I]t is permissible to consider the additional allegations contained in response to the motion to dismiss." *Mucha v. Village of Oak Brook*, No. 07 C 5350, at *18 (N.D. Ill. May 29, 2008).

of defamation would therefore occur in the state or states in which the victim loses personal or as here professional transactions or transactional opportunities because of the impairment of his reputation brought about by the defamatory statement." *Campbell v. Campbell*, 262 F. Supp. 3d 701, 710 (N.D. Ill. 2017). Plaintiff did not suffer pecuniary loss in California.

"In most instances, the purpose of statutorily specified venue is to protect the *defendant* against the risk that a plaintiff will select an unfair or inconvenient place of trial" *Leroy v. Great W. United Corp.*, 443 U.S. 173, 183-84 (1979). That's not the case here, however: Defendant admits to having an office here, and Plaintiff suffered pecuniary professional loss here. However, should this Court rule that venue is improper, Plaintiff respectfully requests that instead of dismissal, the proper remedy is transferal to the Central District of California, where Defendant states venue is proper. *See Brantley v. Luxottica Retail N. Am., Inc.*, No. 14-cv-0561-MJR-DGW, at *6 (S.D. Ill. Sep. 3, 2014).

## II. Defendant's anti-SLAPP Arguments are Meritless

The Defendants also argue that the matter should be dismissed with prejudice pursuant to the California and Illinois anti-SLAPP statutes. This is incorrect.

As an initial matter, neither the California nor Illinois anti-SLAPP statute applies; "When the defamatory statement is communicated in many different states, it makes sense to apply the law of the plaintiff's domicile, and that is the usual result in Illinois." *Kamelgard v. Macura*, 585 F.3d 334, 341 (7th Cir. 2009). That said, should this court elect to apply one, only California's would be arguably applicable. "A state has a strong interest in having its own anti-SLAPP law applied to the speech of its own citizens, at least when, as in this case, the speech initiated within

the state's borders." *Underground Solutions, Inc. v. Palermo*, 41 F. Supp. 3d 720, 724 (N.D. Ill. 2014).

Second, Defendant's motion is premature. "To satisfy due process, the plaintiff's burden must be compatible with the early stage of the action and the limited discovery opportunities. *See* Cal.Civ.Proc. Code § 425.16(f), (g). In federal court, "if a defendant desires to make a special motion to strike [under an anti-SLAPP statute] based on the plaintiffs lack of evidence, the defendant may not do so until discovery has been developed sufficiently to permit summary judgment under Rule 56." *Metabolife Intern., Inc. v. Wornick*, 72 F. Supp. 2d 1160, 1166 (S.D. Cal. 1999). Here, discovery has not yet occurred, and as such Defendant's motion is entirely premature.

Further, Defendants argue that anti-SLAPP statutes are a talisman against all actions concerning public speech, regardless of the content or nature of the claim. That's simply incorrect. "A cause of action is stricken under the anti-SLAPP statute when 1) "the defendant has made a threshold showing that the challenged cause of action is one arising from protected activity" *and 2) the plaintiff's claim "lacks even minimal merit."*" *Kachgal v. Kleppe*, A151985, at *3-4 (Cal. Ct. App. Sep. 16, 2019) (emphasis supplied). "Only a cause of action that satisfies *both* prongs of the anti-SLAPP statute — i.e., that arises from protected speech or petitioning *and* lacks even minimal merit — is a SLAPP, subject to being stricken under the statute."" *Browne v. McCain*, 611 F. Supp. 2d 1062, 1069 (C.D. Cal. 2009). As such, anti-SLAPP statutes are not a defense to false statements like those at issue here. *Price v. Stossel*, 620 F.3d 992, 1001 (9th Cir. 2010) ("We therefore hold that the district court erred as a matter of law in dismissing Price's express defamation claim at this preliminary stage in the proceedings on the grounds of lack of falsity. . . . Hence we reverse the district court's dismissal under the anti-SLAPP statute." *Id*. As

one court explained, "[n]ot every claim of defamation is subject to an anti-SLAPP motion. Defamation claims that have been held subject to an anti-SLAPP motion are those in which the alleged defamatory statements were made in connection with official proceedings or were related to an issue of public interest." *Flores v. Kharazi*, F051572, at *1 (Cal. Ct. App. Dec. 13, 2007). Notably, *Defendants took down the statements about Plaintiff because they were false*, after receiving a letter from undersigned counsel. It therefore cannot be said that Plaintiff's claims lack "even minimal merit." *See Global Relief Foundation v. New York Times Company*, No. 01 C 8821, at *1 (N.D. Ill. Sep. 9, 2002).

In fact, Defendants do not make any attempt to argue that Plaintiff's claims are meritless, simply arguing instead that Plaintiff's statements were First Amendment protected speech on a matter of public interest. Defendants argue that the statements here were related to the public interest because Israel and anti-semitism are related to the public interest. The problem is that Defendants' argument (a) incorrectly and inaccurately conflates Israel and Judaism; and (b) conflates all anti-semitism with its false statements about Plaintiff. *Kachgal v. Kleppe*, A151985, at *4 (Cal. Ct. App. Sep. 16, 2019). Plaintiff's opinions about Anne Frank are not a matter of "public interest" within the meaning of the statute, and certainly Defendant's false statements that Plaintiff is a "horrific antisemit[e]" are not. *Browne v. McCain*, 611 F. Supp. 2d 1062, 1071 (C.D. Cal. 2009). As alleged in the Verified Complaint – and Defendant does not deny this – Defendant wanted to silence Plaintiff because they are a Black Jew working for Palestinian solidarity, so they made a series of false statements intended to discredit them.

Furthermore, Defendant's argument misses the point; for example, "a mere finding of "public interest" alone does not automatically exempt a defendant from liability on a right of publicity claim." *Browne v. McCain*, 611 F. Supp. 2d 1062, 1071 (C.D. Cal. 2009). As

the Ninth Circuit Court of Appeals explained, "privileges do not apply where a defendant uses a plaintiff's name and likeness in a knowingly false manner to increase sales of the publication. **The First Amendment does not protect knowingly false speech**." *Solano v. Playgirl, Inc.*, 292 F.3d 1078, 1089 (9th Cir. 2002) (emphasis supplied). And Defendants nowhere argue that an anti-SLAPP statute even applies to a claim for tortious interference with a contract or business relationship.

Defendants' arguments about Plaintiff's subsequent tweets make this claim "retaliatory" are absurd and frivolous. A statement of intent to vindicate one's legal rights is not a threat of retaliation for free speech. Defendant accused Plaintiff of "horrific antisemitism" because Plaintiff, a devout Jew, *mourned the death of Anne Frank*. Defendant took down its false statements, but the damage had been done, and Plaintiff suffered significant pecuniary and financial loss as a result. They received death threats and doxing. They lost their job. Defendant's argument, in sum, is that it has a First Amendment privilege to falsely label Plaintiff an anti-semite, but Plaintiff's subsequent angry response bars their recovery. There is no legal basis for this.

## CONCLUSION

WHEREFORE, Plaintiff respectfully requests this Honorable Court DENY Defendant's Motion to Dismiss in its entirety.

Respectfully Submitted,
YM CARRINGTON

Sheryl Ring, Esq.

Sheryl Ring, Esq. #6311043/62447
518 South Route 31, Suite 113
McHenry, Illinois 60050
(847) 975-2643

sheryl@sherylringlaw.com