## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| YOLANDA MARIE CARRINGTON a/k/a YM CARRINGTON,<br><br>Plaintiff,<br><br>v.<br><br>THE ISRAEL EMERGENCY ALLIANCE d/b/a "StandWithUs," a 501(c)(3) not-for-profit organization,<br><br>Defendant. | Case No.: 21-cv-03713<br><br>Honorable Robert W. Gettleman |

## REPLY BRIEF IN SUPPORT OF DEFENDANT ISRAEL EMERGENCY ALLIANCE'S MOTION TO DISMISS

Defendant, **Israel Emergency Alliance d/b/a "StandWithUs," a 501(c)(3) not-for-profit organization ("StandWithUs")** by and through its undersigned counsel, pursuant to Federal Rules of Civil Procedure 12(b)(3) and 12(b)(6), and for its reply brief in support of its motion to dismiss Counts I-III of Plaintiff's Complaint, states as follows:

### INTRODUCTION

StandWithUs filed its motion to transfer and motion to dismiss Plaintiff's Complaint, and in Plaintiff's response brief to the motion, Plaintiff concedes several of StandWithUs' positions, thus making the motion unopposed on some matters.

As it pertains to the motion to dismiss for improper venue and/or transfer venue to the Central District of California, Plaintiff concedes transferring to the Central District of California is the proper remedy in response to StandWithUs' motion to dismiss and transfer venue. (See Doc. #7, p. 3). As such, the motion is unopposed and the matter should be transferred to the Central District of California. Further, Plaintiff's claims in support of the matter remaining in the Northern

District are minimal and not thoroughly detailed to support that they meet the requirement of substantially connected to the venue. As such, StandWithUs' motion to dismiss and/or transfer venue to the Central District of California should be granted.

Regarding StandWithUs' motion to dismiss under an anti-SLAPP statute, Plaintiff states that of the two potential anti-SLAPP statutes named in the motion, California and Illinois, California's statute should be used. Plaintiff's concession is further support that this matter should be handled by a California court. Moreover, Plaintiff's arguments against the applicability of an anti-SLAPP statute are baseless. StandWithUs' motion is timely pursuant to the explicit provisions of California's anti-SLAPP statute detailing that it should be brought at the beginning of the lawsuit. Further, Plaintiff's reading of the statute is wholly inaccurate; Plaintiff's cited case law is distinguishable and does not support the positions that Plaintiff sets forth. In fact, Plaintiff's lawsuit is the exact type of lawsuit that anti-SLAPP statutes were designed to counter given StandWithUs' mission to educate and combat antisemitism worldwide. Finally, Plaintiff's response fails to meet the standard required under the California anti-SLAPP statute and therefore StandWithUs' motion should be granted. For the reasons detailed below and in its motion to transfer and to dismiss, the Court should grant StandWithUs' motion.

## ARGUMENT

### I.  Venue Is Proper In The Central District of California

StandWithUs moved to dismiss Plaintiff's Complaint pursuant to FRCP 12(b)(3) and pursuant to 28 U.S.C. § 1391(b)(2) and requested that the matter be transferred to the Central District of California. As detailed in its original motion and Plaintiff's response to the motion, it is undisputed that the Northern District of Illinois is not the proper venue and the matter should be dismissed and transferred.

Before detailing each of Plaintiff's misconstrued arguments, StandWithUs would be remised not to point to Plaintiff's admission agreeing with StandWithUs' position that a transfer to the Central District of California is proper. (See Doc. #7, p. 3). Further, in Plaintiff's response to StandWithUs' motion regarding anti-SLAPP statutes, Plaintiff states that of the two potentially applicable statutes, only California's and not Illinois' anti-SLAPP statute would arguably be applicable. Again, Plaintiff signals that the matter is proper in the Central District of California. Plaintiff's admissions alone should be sufficient for this Court to transfer the matter to the Central District of California.

As an initial matter, Plaintiff seeks to claim that venue is proper because StandWithUs is subject to personal jurisdiction in this matter because of the presence of one satellite office with a few employees located within the district. It is uncontroverted, and Plaintiff does not provide any support to the contrary, that although personal jurisdiction may be appropriate, venue is not automatically appropriate. *Clark Products, Inc. v. Rymal*, 2002 WL 31572569 (N.D. Ill 2002). The true test of venue is where "a substantial part of the events or omissions giving rise to the claim occurred" and substantial is beyond "some tangential connection" to the chosen venue. *See Mercantile Capital Partners v. Agenzia Sports, Inc.*, 04 C 5571, 2005 WL 351926 (N.D. Ill. 2005). Here, Plaintiff seeks to use StandWithUs' Illinois office with two employees carrying titles "executive director" and "managing director" as a basis for establishing a connection. Not only are these titles irrelevant, it was clearly detailed in StandWithUs' affidavit in support of its motion to transfer that no major decisions are made from its Illinois office, no StandWithUs corporate officers work from the Illinois office, and most importantly—given the facts of the matter at hand—StandWithUs' social media is not handled from the Illinois office. Moreover, Plaintiff provides no support that these individuals and the office itself had any involvement with the

alleged incident to support its claim. Plaintiff's response thereby fails to establish any substantial connection to the district to support that venue is proper, and therefore StandWithUs' motion should be granted.

### A. No Basis for Plaintiff's Claim For Financial Harm

Next, Plaintiff claims that because Plaintiff sustained financial harm in Illinois, venue is proper; yet, Plaintiff provides merely a blanket statement without any further support to the claim. Specifically, Plaintiff claims that she lost work with the organization Jewish Voices for Peace ("JVP") and that the organization is based in Illinois. However, simple due diligence about JVP suggests otherwise. A search of JVP's website lists a California mailing address as its main point of contact,[1] and, according to California's non-profit's registration website, Jewish Voice for Peace, Inc. is incorporated in California, not Illinois. Furthermore, the Court should not consider Plaintiff's blanket statement of loss because Plaintiff's response does not provide any evidence of how much work Plaintiff's performed; what, if any, monetary expectancy was provided by JVP; how long Plaintiff was working for JVP prior to incident that gave rise to this matter; and whether Plaintiff lost the alleged work as a result of the incident that gave rise to this matter.

What is clear, however, is that Plaintiff's reference to JVP is a futile attempt by Plaintiff to try to claim some connection to the Northern District of Illinois. In support of this position, Plaintiff cites two cases that are wholly distinguishable from the present case. First, Plaintiff cites *Doe v. Lee*, 2019 WL 247536 (N.D. Ill. 2019), yet that case involved an *Illinois* plaintiff filing a lawsuit against a Texas citizen defendant in the Northern District of Illinois pertaining to defamation and violations of privacy that the defendant caused in Illinois, as well as property damage to the plaintiff that also occurred in Illinois. Unlike *Doe*, Plaintiff in this matter lives in

---

[1] https://jewishvoiceforpeace.org/contact/; https://businesssearch.sos.ca.gov/CBS/Detail

North Carolina, and it is questionable at a minimum as to whether Plaintiff actually sustained any harm, let alone substantial harm, aside from her unsubstantiated statement regarding the loss of work with JVP. Next, Plaintiff cites *Campbell v. Campbell*, 262 F. Supp. 3d 701 (N.D. Ill 2017) which again deals with an Illinois plaintiff who suffered harm in Illinois. However, the holding in *Campbell* is for the presumption that venue is proper if the plaintiff lives in the venue. Plaintiff here lives in North Carolina, and therefore is unquestionably not an Illinois resident. For these reasons, venue is not proper, and the matter should be transferred to the Central District of California.

## II.     Plaintiff's Arguments Pertaining to Anti-SLAPP Are Meritless

Plaintiff's response to the motion to dismiss is two-fold. First, Plaintiff argues that anti-SLAPP is premature at this stage of litigation, and second, Plaintiff claims that California's anti-SLAPP statute does not apply to Plaintiff's circumstance. Both arguments are without merit.

### A.     StandWithUs' Motion Was Timely Filed

First, Plaintiff argues that the motion to dismiss under California's anti-SLAPP statute is premature. California law says the opposite. In fact, Cal. Civ. Proc. Code §425.16 explicitly states that the motion to strike a plaintiff's complaint under the statute should be brought at the beginning of the case. Additionally, Plaintiff quotes Sections (f) and (g) of Cal. Civ. Proc. Code §425.16, stating that due process must be followed. In reality Sections (f) and (g) of Cal. Civ. Proc. Code §425.16 say no such thing. To the contrary, Section (f) states that a motion to strike may be brought within 60 days of a plaintiff filing a complaint and Section (g) states that discovery will be stayed pending resolution of the motion.

Plaintiff cites *Metabolife International, Inc. v. Wornick*, 72 F. Supp. 2d 1160, 1166 to support Plaintiff's allegation that discovery must be completed before a court can decide the merits of a motion to dismiss under the California anti-SLAPP statute. It is clear that Plaintiff has not

read the cited section, as the court in *Metabolife* discusses allowing discovery in a non anti-SLAPP circumstance, and thus this Court should disregard the quoted language. As such, Plaintiff's claims of prematurity are meritless, and the California anti-SLAPP statute unequivocally provides that StandWithUs' motion is timely.

   **B.**  <u>**California's Anti-SLAPP Statute Applies to Plaintiff's Claims**</u>

Plaintiff further mischaracterizes the requirements under California's anti-SLAPP statute to require StandWithUs to establish that Plaintiff's claims are meritless. The statute does not require such a showing by a defendant. First, the defendants must show that the acts of which the plaintiff complains were taken "in furtherance of the [defendant]'s right of petition or free speech under the United States of California Constitution in connection with a public issue." Cal. Civ. Proc. Code §425.16(b)(1). Next, if the defendant carries that burden, the burden shifts to the plaintiff to demonstrate a probability of prevailing on the claim. Cal. Civ. Proc. Code §425.16(b)(3). In making both determinations the trial court considers "the pleadings, and supporting and opposing affidavits stating the facts upon which the liability or defense is based." Cal. Civ. Proc. Code §425.16(b)(2). Here, StandWithUs' motion to dismiss, along with its affidavit in support, clearly states that it conduct was based upon its First Amendment right to freedom of speech, thereby establishing that it is afforded protection under the anti-SLAPP statute.

 In addition to Plaintiff's general arguments that the California anti-SLAPP statute does not apply, Plaintiff specifically argues that anti-SLAPP does not apply to Plaintiff's claims for tortious interference with prospective economic advantage and right of publicity. California case law has explicitly and repeatedly stated that anti-SLAPP is indeed an appropriate means for dismissing claims for economic loss and right of publicity. *See Rand Resources, LLC v. City of Carson,* (2019) 6 Cal.5th 610, 630 (economic loss)*; Cross v. Facebook, Inc.,* 14 Cal. App. 5th 190,, 213, (2017) (right to publicity dismissed under anti-SLAPP Act.) Since StandWithUs established its

basis for bringing the motion to dismiss under California's anti-SLAPP statute, and that anti-SLAPP applies to Plaintiff's claims, StandWithUs has met its burden for having Plaintiff's complaint dismissed.

### C. Plaintiff Has Not Met the Burden Of Proof Required Under California's Anti-SLAPP Statute

As required under Cal. Civ. Proc. Code §425.16(b)(1) and (3), upon filing an anti-SLAPP motion, the burden shifts to plaintiff to establish reasons of the probability that plaintiff would prevail. Plaintiff does not assert any substantive information or documents to support the likelihood of prevailing on Plaintiff's claims. Plaintiff cannot rely upon "their pleading, even if verified, to demonstrate a probability of success on the merits." *Cross v. Facebook, Inc.,* 14 Cal. App. 5th 190, 209 (2017). Plaintiff is required to submit competent and admissible evidence establishing a prima facie case. *Paula v. Lutteroth*, (Cal. Ct. App., Aug. 17, 2021, No. D077995) 2021 WL 3627528, at *8. Moreover, a plaintiff cannot rely upon the arguments in its responsive pleading in support of an opposition to an anti-SLAPP motion. *Id.*; *see also Davenport v. Blue Cross of California,* (1997) 52 Cal.App.4th 435, 454. In the present case, Plaintiff does not provide any additional evidence beyond the complaint and makes broad, unsupported statements within Plaintiff's response brief as a basis for defeating the motion, thereby failing to meet the statutory obligations required under California's anti-SLAPP statute.

In support of Plaintiff's incorrect position, Plaintiff cites *Browne v. McCain,* 611 F. Supp. 3d 1062 where the plaintiff sues the defendant for using the plaintiff's song in defendant's campaign commercials. Distinguishable from the present case, the defendant in *Browne* filed a motion to dismiss under anti-SLAPP and the plaintiff responded with reasons why he would prevail on his claim and ultimately the court denied the defendant's motion. Here, Plaintiff has made no such attempts to assert any evidence or basis upon which Plaintiff might prevail in this

matter. As such, the case is distinguishable and Plaintiff has failed to meet the burden required to defeat StandWithUs' motion to dismiss. This failure requires that StandWithUs' motion to dismiss be granted.

### D. Plaintiff's Complaint Was Filed With Retaliatory Intent

Plaintiff's claim that the subject lawsuit was not retaliatory is not supported with the evidence to date. First, the proximity in time to filing the lawsuit from the date when the StandWithUs post occurred indicates Plaintiff's retaliatory intent. Upon discovering StandWithUs' social media post with Plaintiff's name and photo blurred, Plaintiff posted on her personal Twitter page that she needed "A LAWYER ASAP GODDAMMIT. I need to sue @standwithus for every nickel they have." (See Doc. #5, Ex. B-2). Further, if Plaintiff suffered financial loss as a result of the social media posts which resulted in this lawsuit, then Plaintiff would have little difficulty providing more than her blanket, unsubstantiated claims regarding financial losses. Plaintiff's failure to provide even the slightest evidence of financial losses, combined with Plaintiff's own threatening language toward StandWithUs, clearly support a retaliatory intent. As such, Plaintiff's claims should be dismissed with prejudice under the California anti-SLAPP statute.

### E. Plaintiff's Cited Case Law Is Wholly Distinguishable From Plaintiff's Claims

In addition to *Browne*, Plaintiff also cites and relies upon *Solano v. Playgirl, Inc.* which is equally distinguishable from the present case. 292 F. 3d 1078 (9th Cir. 2002). In *Solano*, the motion filed was one for summary judgment, not a motion to dismiss, and therefore a different standard applied. Further, *Solano* involved the inappropriate use of the plaintiff's actual likeness and image for purpose of selling magazines. Here, as evidenced in the materials filed with StandWithUs' motion, Plaintiff's image and name were blurred in StandWithUs' post and its publication was meant exclusively for *education* purposes, not financial gain. StandWithUs is a

non-profit Israel education-based organization with a mission to educate, inspire and fight antisemitism. What plaintiff is trying to do is prevent StandWithUs from carrying out its mission by filing this meritless defamation claim. In order to fulfill its mission, StandWithUs needs to highlight instances of antisemitism as they arise, which is what it attempted to do with Plaintiff's post. Plaintiff's lawsuit thereby falls squarely within the very essence of the anti-SLAPP statute.

For these reasons and those detailed in StandWithUs' motion to dismiss and memorandum in support, Plaintiff's claims in Counts I-III of Plaintiff's Complaint should be dismissed with prejudice.

WHEREFORE, for the reasons set forth in this reply brief, the motion and the supporting memorandum, StandWithUs respectfully requests this Court grant its motion to dismiss on Counts I-III of Plaintiff's Complaint for failing to be filed in the proper venue and requests that this Court transfer this matter to the Central District of California, where a motion on the merits can be decided. Additionally, StandWithUs requests this Court dismiss Plaintiff's Complaint pursuant to the provisions of the Illinois and California anti-SLAPP Acts because StandWithUs is conferred immunity for its acts pursuant to both statutes. Further, StandWithUs requests that judgment be entered in its favor and against Plaintiff, including the award of costs, including attorney's fees, wrongfully incurred in the defense of this matter and for any other and further relief this Honorable Court deems just.

Date: November 4, 2021

                                              Respectfully Submitted,

                                              **ISRAEL EMERGENCY ALLIANCE**

                                              By: */s/ Ryan M. Neri*
                                                      One of its attorneys

Ryan M. Neri, ARDC #6300419
WOOD SMITH HENNING & BERMAN, LLP
222 S. Riverside Plaza, Suite 640
Chicago, Illinois 60606
(312) 766-4447
rneri@wshblaw.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 4th day of November 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing to the following:

Sheryl Ring, Esq.
518 S. Route 31
Suite 113
McHenry, Illinois 60050
(847) 975-2643
sheryl@sherylringlaw.com
***Attorney for Plaintiff***

                                                           By:   */s/ Ryan M. Neri*