IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| YOLANDA MARIE CARRINGTON, ) | |
| ) | |
| Plaintiff, ) | Case No.   21 C 3713 |
| ) | |
| v. ) | |
| ) | Judge Robert W. Gettleman |
| THE ISRAEL EMERGENCY ALLIANCE d/b/a ) | |
| "StandWithUs," a 501(c)(3) ) | |
| not-for-profit organization, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Yolanda Marie Carrington has brought a three count complaint against defendant the Israel Emergency Alliance d/b/a "StandWithUs" asserting claims for common law defamation, tortious interference with prospective economic advantage, and violations of plaintiff's right of publicity.   Defendant has moved to dismiss under Fed. R. Civ. P. 12(b)(3) for improper venue, and Fed. R. Civ. P. 12(b)(6) for failure to state a claim.   For the reasons that follow, the court concludes that venue is improper and transfers the case under 28 U.S.C. § 1406(a) to the Central District of California, where both parties agree venue is proper.

## BACKGROUND

Plaintiff is an African American who is a citizen of North Carolina and claims to be an observant Jew.   Plaintiff is non-binary and uses the they/them pronouns.   According to the complaint, plaintiff is a community organizer working "full-time in the Jewish and Black communities."   The complaint does not indicate where those communities are located.   Among plaintiff's projects is "building Jewish solidarity for the Palestinian people and Palestinian statehood."

Defendant is a leading political organization that works to build support among the American public for the Israeli government. According to the complaint, on June 15, 2021, defendant posted a series of images of Plaintiff across various social media platforms including Facebook, Twitter, and Instagram. Above plaintiff's image was the banner "HORRIFIC ANTISEMITISM." Defendant also included a small picture of a tweet by plaintiff which the complaint describes as plaintiff "mourning the death of Anne Frank at the hands of the Nazis." It is this tweet that plaintiff claims defendant referred to as horrific antisemitism. Several months earlier plaintiff had tweeted that "the Nazis took [everything] away" from Anne Frank and that Anne Frank was "a criminalized refugee [who was] incarcerated and killed [by the Nazis]."

Plaintiff claims that defendant knew that plaintiff was a community activist working for Palestinian solidarity and wanted to damage plaintiff's reputation. Several people associated retweeted or amplified defendant's statements. Plaintiff further claims that defendant used the posts for fundraising purposes, posting links asking for donations to fight antisemitism, but admits that the posts were removed the same day they were posted. Finally, plaintiff claims to have lost 92% of their income as a result of the posts.

## DISCUSSION

Defendant has moved to dismiss the complaint under Fed. R. Civ. P. 12(b)(3), arguing that venue is improper. Plaintiff bears the burden of establishing that venue is proper. See Zughni v. Pena, 851 F.Supp. 300, 302 (N.D. Ill. 1994). On a motion to dismiss under Fed. R. Civ. P 12(b)(3) the court accepts all the allegations in the complaint as true, unless contradicted by the defendant's affidavits. Id. The court may also examine facts outside the complaint to determine whether venue is proper and resolves all factual conflicts in the parties' submissions in favor of the

plaintiff, drawing any reasonable inferences from those facts in the plaintiff's favor. Nagel v. ADM Investor Services, Inc., 995 F.Supp. 837, 843 (N.D. Ill. 1998).

Venue in a civil action is governed by 28 U.S.C. § 1391(b), which provides that a civil action may be brought in: 1) "a judicial district in which ant defendant resides, if all defendants are residents of the State in which the district is located; or 2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . .." Residency for venue purposes of any defendant entity with the capacity to sue or be sued in its common name is defined as "any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question . . .." 28 U.S.C. § 1391(c)(2).

In the instant case, plaintiff has failed to establish venue under either §1391(b)(1) or (2). Initially, defendant does not reside in this district because it is not subject to the court's personal jurisdiction as to the instant action. The court does not have general personal jurisdiction over defendant because defendant is not "at home" here. See Goodyear Dunlop Tires Ops., S.A. v. Brown, 564 U.S. 915, 919 (2011). Plaintiff is correct that defendant has an office in this district, but defendant has presented an affidavit from its Chief Operating Officer indicating that it is a small satellite office that is not responsible for any of defendant's social media postings. Plaintiff has not refuted these facts in any way. The court must accept as true any facts presented in defendant's affidavit that remains unrefuted by plaintiff. Interlease Aviation Investors II (ALOHA) L.L.C. v. Vanguard Airlines, Inc., 262 F. Supp. 2d 898, 904 n.3 (N.D. Ill. 2003). Because the facts giving rise to plaintiff's complaint did not occur in this district, the court concludes that defendant does not reside in the district.

Plaintiff suggests that venue is proper under § 1391(b)(2), arguing that a substantial part of the events giving rise to the claim occurred here. Specifically, plaintiff argues that they lost business in Illinois. The complaint alleges that plaintiff lost some business as a result of defendant's posts but makes no mention of where that business was located. Indeed, the complaint makes no mention of Illinois at all. Plaintiff resides in North Carolina. Plaintiff's response brief indicates that plaintiff suffered reputational harm in Illinois, home of Jewish Voice for Peace, but plaintiff has not submitted an affidavit or any other evidence to support that claim, and nothing in the complaint would allow such an inference. Consequently, the court concludes that plaintiff has failed to establish that venue is proper under §1391(b)(2).

## CONCLUSION

For the reasons described above, the court concludes that venue is improper. Both parties have asked the court to transfer this action to the Central District of California, where both jurisdiction and venue are proper, rather than dismiss the action. Consequently, the court grants defendant's motion [Doc. 4] in part and transfers this action to the Central District of California pursuant to 28 U.S.C. 1406(a).

**ENTER:**

**Robert W. Gettleman**
**United States District Judge**

**DATE:  April 8, 2022**

4